# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

|  |  |
|---|---|
| RASHAD BAKER, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant. | Case No. _____<br><br>(Removed from the Superior Court of Muscogee County, Georgia, Case No. SU-18-CV-3026) |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby removes the above-captioned action from the Superior Court of Muscogee County, Georgia, to this Court, reserving all rights and defenses, and shows the following grounds for removal:

1. On January 8, 2019, State Farm was served with the complaint in this action. There are no other defendants.

2. This Notice of Removal has been filed within 30 days of the date of such service on State Farm.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and other documents served to date in this action are attached hereto as Exhibit 1.

4. This action is between citizens of different states. Plaintiff is domiciled in, and a citizen of, the State of Georgia. (Compl. ¶ 15.) State Farm is an Illinois corporation with its principal place of business in Illinois.

5. The complaint seeks certification of a class action, as defined in 28 U.S.C. § 1332(d)(1)(B), and the complaint defines the proposed class as follows:

> [A]ll former or current Georgia automobile insurance policyholders of State Farm who, within the applicable statute of limitations: (1) presented a first-party claim to State Farm for physical damage to an automobile; (2) State Farm elected to settle the claim by paying for repairs; and (3) State Farm used the "17(c) formula" to assess the automobile's diminished value . . . .

(Compl. ¶ 47.)

6. Plaintiff's complaint alleges that State Farm calculates payments for diminished value using "the 17(c) formula," so called because Paragraph 17(c) of a June 12, 2001 order entered by the Superior Court of Muscogee County in the case *Mabry v. State Farm Mutual Automobile Insurance Co.*, No. SU-99-CV-4915, identifies the formula as one of the methodologies "State Farm may employ or use . . . to make [diminished value] assessments." Plaintiff alleges that the 17(c) formula "underestimates the diminished value of damaged vehicles" (Compl. ¶ 7); that State Farm "misappl[ies]" the formula (*id.* ¶ 10); and that State Farm has breached its contracts with putative class members (*id.* ¶¶ 60-63).

7. Plaintiff alleges that "[t]here are tens of thousands of Class members . . . ." (Compl. ¶ 52.)

8. According to State Farm's business records, more than 20,000 claims have the following characteristics:

   a. The claim was submitted under an automobile insurance policy issued by State Farm in Georgia;

   b. The date of loss was within one year prior to the filing of the complaint in this matter; and

      c. Adjustment of the claim was governed by procedures calling for application of the 17(c) formula.

9. The number of putative class members exceeds 100, as alleged in the complaint (Compl. ¶ 52) and confirmed by State Farm's business records described in paragraph 8 above.

10. Plaintiff's complaint includes several purported examples in which diminished value calculated using the 17(c) formula is claimed to be lower than an alleged valuation by an appraiser, and/or less than the amount allegedly "truly owed" (Compl. ¶¶ 30, 31):

      a. In paragraph 30 of the complaint, Plaintiff alleges that an otherwise unidentified State Farm customer's diminished value was calculated at $428.84 using the 17(c) formula and that "[a]n expert appraiser valued the loss at $6,252." (Compl. ¶ 30.) Accepting these numbers at face value, solely for purposes of demonstrating the amount in controversy, this alleged example shows at least $5,823.16 in controversy with respect to this alleged insurance claim.

      b. In paragraph 31 of the complaint, Plaintiff alleges that "[t]his same process happens thousands of times each month in Georgia."

      c. In paragraph 37 of the complaint, Plaintiff alleges that he was paid $230.40 as a result of State Farm's diminished value assessment. In paragraph 43 he alleges that an alleged "independent expert's examination and report finds that the collision [involving Plaintiff's vehicle] resulted in $4,105 of diminished value to [Plaintiff's] Silverado." Accepting these numbers for purposes of determining the amount in controversy, Plaintiff claims that at least $3,874.60 is in controversy with respect to his individual claim.

11.     Plaintiff seeks certification of the putative class and judgment against State Farm "in such amount as will fully and adequately compensate Plaintiff and the Class members for the damages they have sustained as a result of Defendant's contractual breaches." (Compl., Prayer for Relief, ¶ (c).)

12.     The amount in controversy in this action exceeds $5 million exclusive of interest and costs.  Even assuming $300 in controversy for each of the more than 20,000 claims identified in paragraph 8 above – a per-claim amount that is less than 10% of the amounts claimed in paragraphs 30 and 43 of the complaint – yields more than $5 million in controversy exclusive of interest and costs.

13.     The Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §1332(d)(2), in that this is a purported class action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and members of the alleged plaintiff class are citizens of a state different from that of State Farm.

14.     This action is properly removable to this Court under 28 U.S.C. § 1446.

15.     State Farm disputes the merits of Plaintiff's claims and submits the foregoing figures solely for determination of the amount in controversy.

/s/ Thomas W. Curvin
Thomas W. Curvin (GA 202740)
Valerie S. Sanders (GA 625819)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309-3996
404.853.8000 (t)
404.853.8806 (f)
tomcurvin@eversheds-sutherland.com
valeriesanders@eversheds-sutherland.com

*Attorneys for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Notice of Removal** with the Clerk of Court using the CM/ECF system. I further certify that I have this day served a copy of same on counsel of record by United States mail, postage prepaid, addressed as follows:

>Jerry A. Buchanan
>BUCHANAN LAW FIRM, PC
>1425 Wynnton Road
>P.O. Box 2848
>Columbus, GA 31902
>
>E. Adam Webb
>Matthew C. Klase
>D. Grant Coyle
>WEBB, KLASE & LEMOND, LLC
>1900 The Exchange, S.E., Ste. 480
>Atlanta, GA 30339

This 7th day of February, 2019.

>*s/ Thomas W. Curvin*
>Thomas W. Curvin (GA 202740)