IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| RASHAD BAKER, *on behalf of himself and all others similarly situated, et al.*, | * |
| | * |
| Plaintiffs, | * |
| vs. | *     CASE NO. 4:19-CV-14 (CDL) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | * |
| | * |
| Defendant. | * |
| | * |

O R D E R

The Court denied Plaintiffs' motion for class certification because Plaintiffs failed to establish that the requirements for class certification under Federal Rule of Civil Procedure 23 were met. Order (Sept. 2, 2021) ("Denial Order"), ECF No. 34. Plaintiffs seek reconsideration of that order. As discussed below, the motion for reconsideration (ECF No. 36) is denied.

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

Plaintiffs' motion for reconsideration argues that the Court misunderstood both their claims and their evidence.  It did not.

First, Plaintiffs contend that the Court misunderstood their claims.  The Court understood that Plaintiffs' claims were based on their argument that State Farm systematically underassessed for diminished value each time it used the 17(c) formula and that Plaintiffs should be required to "reassess diminished value using a new formula that has not yet been developed but could be formulated after additional discovery." Denial Order at 9.  The Court recognized that the central liability question in this case was whether State Farm's application of the 17(c) formula resulted in an underassessment of diminished value.  The Court understood that Plaintiffs did not intend to seek damages but instead wanted to require State Farm to reassess diminished value using a new formula.  The Court thus focused on determining whether Plaintiffs met their burden to establish that this central issue "can be decided based on common evidence and whether common issues predominate over individual issues." Denial Order at 11.  There was no misunderstanding.

Second, Plaintiffs argue that the Court did not understand the reports by its expert appraiser, Richard Hixenbaugh. Hixenbaugh did state in his initial report that the current 17(c) formula "is incapable of accurately assessing diminution

2

in value and indeed under-assesses such losses 100% of the time." Pls.' Mot. to Certify Ex. 11, Hixenbaugh Report ¶ 80, ECF No. 26-11. That initial report included twenty "randomly selected State Farm policyholders" who hired Hixenbaugh to appraise their diminished value after their vehicles sustained physical damage and State Farm assessed diminished value using the 17(c) formula. *Id.* ¶ 82. Hixenbaugh compared his "full appraisal" to State Farm's 17(c) assessment and also included a "modified 17(c) assessment" based on Hixenbaugh's proposed new 17(c) formula that Hixenbaugh was admittedly not qualified to create. *Id.* In his rebuttal report, Hixenbaugh stated that his "recommended modifications to the 17(c) formula" were based on his qualifications and knowledge as an appraiser and that the sample of claim information did not affect that opinion. Pls.' Mot. to Certify Ex. 13, Hixenbaugh Report ¶ 23, ECF No. 26-13. But Hixenbaugh's new formula is not at issue here—Plaintiffs did not rely on the new formula.

The question the Court examined was whether the evidence established that every member of the proposed class was injured by State Farm's application of the 17(c) formula. The Court recognized that Hixenbaugh concluded that State Farm under-assessed diminished value in seventy-five cases. Denial Order at 20. In those cases, Hixenbaugh had access to both a full diminished value appraisal by an appraiser *and* to the 17(c)

3

assessment calculated by State Farm. The problem was that his sample was materially different from the proposed class data, so the Court was not convinced that Hixenbaugh's testimony established that State Farm under-assessed diminished value 100% of the time. *Id.* at 20-21.

Plaintiffs now argue that Hixenbaugh's conclusions were not based on any sample at all but were based on his experience appraising thousands of vehicles for diminished value. But his appraisal experience is only half of the picture. There must be a comparison of the full appraisal to the 17(c) formula to demonstrate an underassessment, and Hixenbaugh's general understanding of how the 17(c) formula works does not support his conclusion that the 17(c) formula is wrong 100% of the time. That is why the Court concluded that Plaintiffs had not "established that the 17(c) formula is wrong for all claims across the spectrum of vehicle makes, model years, mileage, severity levels, and repair costs." *Id.* at 21. The Court also considered Hixenbaugh's criticisms of the 17(c) formula, which were independent of his sample, and found that Plaintiffs did not point to evidence that the flaws mean that the 17(c) formula is wrong all the time. Given that Plaintiffs proposed no subclasses and no way to differentiate between injured and uninjured class members, the Court concluded that Plaintiffs failed to establish commonality and predominance.

Finally, Plaintiffs contend that even if the Court does not reconsider its conclusions on commonality and predominance, the Court should allow Plaintiffs to renew their motion for class certification with a narrowed class definition. The Court acknowledged in the Denial Order that "it may be possible in some cases to determine with common evidence which class members are injured and thus have standing." Denial Order at 22. But this is not such a case. Plaintiffs did not present any evidence to suggest that there is a common way to figure out which 17(c) assessments breached State Farm's policy and which did not. Plaintiffs presented no evidence of a manageable way to ascertain which class members were injured and which ones were not. Rather, as the Court pointed out, "the only recognized method in the present record for proving injury and damages is a comparison of the 17(c) assessment to a highly individualized vehicle appraisal." *Id.* Nothing in Plaintiffs' motion for reconsideration changes this conclusion.

CONCLUSION

For The reasons set forth above, Plaintiffs' motion for reconsideration (ECF No. 36) is denied.

IT IS SO ORDERED, this 14th day of October, 2021.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA