[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-14197

Non-Argument Calendar

_____

RASHAD BAKER,
on behalf of himself and all other similarly situated,
RACHAEL LEONARD,
on behalf of herself and all others similarly situated,
ZELMA STOVALL,
on behalf of herself and all others similarly situated,

                                              Plaintiffs-Appellants,

*versus*

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 2 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 2 of 12

2               Opinion of the Court                21-14197

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:19-cv-00014-CDL

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Rashad Baker, Rachael Leonard, and Zelma Stovall appeal the district court's ruling denying their motion for class certification. Appellants filed this lawsuit against Appellee State Farm for its alleged misuse of a court-approved formula (the 17(c) formula) for assessing policyholder claims for diminished value following vehicle damage. According to Appellants' amended class action complaint, State Farm's method of assessment resulted in policyholders receiving smaller payments than what they were contractually entitled to under the policy. This, Appellants argue, constituted breach of State Farm's duty to provide accurate assessments for diminished value. The district court ruled in favor of State Farm to hold that the central liability question was too individualized to satisfy Rule 23's commonality and predominance requirements. After careful review, we affirm.

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 3 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 3 of 12

21-14197               Opinion of the Court                3

I.

Appellants filed a class action complaint alleging breach of contract claims against State Farm on December 7, 2018, in the Georgia Superior Court of Muscogee County. Appellants alleged that State Farm breached the terms of its form insurance policy—which provided for assessing insured's claims of diminution in vehicle value due to an accident—by using the 17(c) formula to assess an insured's diminished value losses. The 17(c) formula is a court-approved formula which State Farm adopted pursuant to the Georgia Supreme Court's mandate that State Farm's vehicle insurance policies required it to assess and cover property damage claims for post-repair diminution in value. *See State Farm Mut. Auto. Ins. v. Mabry,* 556 S.E.2d 114, 123 (Ga. 2001). Namely, Appellants argued that the 17(c) formula "is an inherently unfair assessment methodology that grossly understates the diminished value of damaged vehicles . . . minimiz[ing] the amount of diminished value [State Farm] pays to first-party claimants." The complaint also looked to certify a class of State Farm policy holders who also had their diminished value losses assessed by the formula.

State Farm removed to the United States District Court for the Middle District of Georgia and filed its answer. Appellants filed their first amended class action complaint to that court on May 24, 2019. Appellants then filed their motion for class certification under Federal Rule of Civil Procedure 23(b)(3) on October 19, 2020, seeking to certify a class consisting of the following:

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 4 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 4 of 12

4                      Opinion of the Court                  21-14197

> All persons issued a Georgia vehicle insurance policy by State Farm who – based on loss dates between December 7, 2017 and the date of certification – made physical damage claims under their policies that were assigned comprehensive or collision cause of loss codes 312, 332, 334, 390, 392, 394-397, 400, or 403.

In their first amended complaint, Appellants requested damages and injunctive relief. However, Appellant's motion for class certification demanded, "in lieu of damages," only "equitable relief compelling State Farm to re-assess using a good faith, appropriate DV [diminished value] methodology."

The district court denied class certification on September 2, 2021, following the completion of discovery. It reasoned that the central liability question of whether the 17(c) formula breached State Farm's duty to assess was too individualized to meet the commonality and predominance requirements of Rule 23 despite meeting the numerosity element. And, found the court, Appellants had not demonstrated that the application of the 17(c) formula always resulted in an underassessment of diminished damages for each putative class member, for whom claims would vary "across the spectrum of vehicle makes, model years, mileage, severity levels, and repair costs." Appellants moved for reconsideration, which the district court denied. Appellants timely appealed the class certification ruling on October 27, 2021.

## II.

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 5 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 5 of 12

21-14197                Opinion of the Court                5

We review a district court's denial of class certification for an abuse of discretion. *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003) (per curiam). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in ruling on class certification, makes clearly erroneous factfindings, or applies the law in an unreasonable or incorrect manner." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1305–06 (11th Cir. 2012) (internal quotation marks omitted). The district court's decision will not be disturbed so long as its reasoning "stays within the parameters of Rule 23's requirements for certification of a class." *Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279, 1282 (11th Cir. 2011).

### III.

A court may only certify a class action if the moving party fulfills, via evidentiary proof, all the requirements set forth in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements under Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); Fed. R. Civ. P. 23(b). Rule 23(a) requires plaintiffs demonstrate that the putative class satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. *Comcast Corp.*, 569 U.S. at 33. Appellants moved to certify the class pursuant to Rule 23(b)(3), which further requires "(1) that common questions of law or fact predominate over questions affecting only individual class members ("predominance"); and (2) that a class action is superior to other available methods for adjudicating the controversy ("superiority")." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009).

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 6 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 6 of 12

6                          Opinion of the Court                      21-14197

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a); *see Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356 (11th Cir. 2009) (describing Rule 23(a)(2)'s commonality requirement as a "low hurdle."). The separate inquiry of whether these common questions "predominate," however, is "far more demanding than Rule 23(a)'s commonality requirement." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000) (internal quotation mark omitted). It requires that "those common questions must predominate such that they have a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Vega*, 564 F.3d at 1270 (internal quotation marks omitted) (alteration adopted). We have described the test for predominance as entailing whether "the addition of more plaintiffs to a class requires the presentation of significant amounts of new evidence[.]" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). If so, this "strongly suggests that individual issues . . . are important." *Id.* If, instead, "the addition of more plaintiffs leaves the quantum of evidence introduced by the plaintiffs as a whole relatively undisturbed, then common issues are likely to predominate." *Id.*

Although it is not for the district court at this stage to make a determination regarding the merits of the plaintiffs' claim, "[a]

21-14197               Opinion of the Court                    7

district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Vega*, 564 F.3d at 1265. "[T]he trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Id.* As such, in some cases, as here, the determination of whether Rule 23 is satisfied requires an engagement with the merits of the underlying case.

### IV.

The district court made the factual determination that Appellants' evidence supporting class certification, consisting of the expert opinion of Dr. Richard Hixenbaugh that the 17(c) formula underestimates diminution in *every* case, cannot withstand rigorous scrutiny. Without this piece, stated the district court, Appellants could not carry their burden on commonality and predominance. We will assume that Appellants satisfied the relatively low bar of establishing commonality; still yet, we affirm because the district court did not err in holding that the class definition failed to meet the predominance requirements of Rule 23(b)(3).

Appellants argue that this putative class action raises two common questions: (1) whether the firm policy which governs all putative class members obligates State Farm to use an appropriate method for assessing diminished value, and (2) whether State Farm's universal use of the 17(c) formula is a breach of its contractual duty to assess diminished value claims. So, the argument goes, given that all putative class members were uniformly subjected to the 17(c) formula, if that formula is found to be inherently flawed,

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 8 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 8 of 12

8                     Opinion of the Court                  21-14197

Appellants would have proven breach for the entire class. After all, say Appellants, the alleged flaws in the 17(c) formula impact all class members, making breach a common issue that can be proven with common evidence.

To support their contention that State Farm breached its uniform contractual duty every time it applied the 17(c) formula to assess diminished value, Appellants relied on the expert opinion of Dr. Hixenbaugh. Dr. Hixenbaugh, using a sample of seventy-five cases in which the full, individualized appraisal of a vehicle's diminished value exceeded the 17(c) formula, testified that the formula always produced lowball assessments. He noted two problematic components of the formula, one of which sets a 10 percent cap on how much loss of value a vehicle can sustain in a diminished value case and the other which allegedly factors mileage twice, penalizing vehicles with higher mileage by reducing every diminished value assessment for them irrespective of the vehicle's value. Further, based on his extensive experience in the industry, Dr. Hixenbaugh opined that the inherent flaws with the 17(c) formula are such that its application *always* results in an under-assessment of diminished value for the putative class. Based on this, Appellants contended below that common evidence can establish that the application of the 17(c) formula resulted in State Farm breaching its obligation to assess diminished value. Further, they argue that common evidence can establish a uniformly applicable method for providing a fair diminished value assessment for each class member.

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 9 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 9 of 12

21-14197              Opinion of the Court                9

State Farm countered that, notwithstanding Dr. Hixenbaugh's testimony, Appellants could not meet the commonality and predominance requirements given the highly individualized nature of its claim that State Farm breached its contractual obligation to pay diminished value. This is because the facts of each class member's claim must be assessed to determine that State Farm underassessed their damages and breached the contract with respect to that individual class member. The district court agreed that Appellants' evidence failed to demonstrate that the 17(c) formula is wrong for all claims across the spectrum of "vehicle makes, model years, mileage, severity levels, and repair costs" such that it underassesses diminished value 100% of the time, nor that every putative member was injured by the application of the formula. Instead of proposing subclasses or any other manner of differentiating between injured and uninjured class members, said the court, Appellants relied on their expert's opinion alone "convinc[ing] the [c]ourt that every insured who received an assessment using the 17(c) formula was injured and suffered damages." However, the court found Dr. Hixenbaugh's testimony unconvincing given that he based his opinion on a small and unrepresentative sample, otherwise opined that the 17(c) formula was incorrect 100% of the time based on his generalized knowledge and experience, and "was admittedly not qualified to create a 'new and improved' 17(c) formula." The district court then noted that Appellants must demonstrate "some common way of figuring out which 17(c) assessments breached State Farm's contract and which did not" to establish commonality and predominance. But, found the court, Appellants

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 10 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 10 of 12

10                    Opinion of the Court                    21-14197

could not provide any recognized method "for proving injury and damages" aside from taking "a comparison of the 17(c) assessment to a highly individualized vehicle appraisal." Therefore, the court held, "[p]laintiffs have not met their burden of proving commonality or predominance."

Appellants argue squarely that State Farm has breached its contractually provided obligation to *properly* assess the claimants' diminished value damages due to its *use and application* of the 17(c) formula. Appellants argue that proof of underpayment is not a prerequisite to the class claim; instead, it is the very fact that all putative class members were subjected to a flawed assessment methodology violative of State Farm's contractual duty to assess that creates the harm. After all, so they argue, "harm occurs the moment the insurer fails to provide a good faith assessment." But Georgia law does not recognize an independent basis for liability for an alleged breach of the duty of good faith and fair dealing. *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1117 (11th Cir. 2012) (per curiam).

Instead, as the district court reasoned, the central liability question impacting Appellants' breach of contract claim is "whether State Farm breached its contractual obligation to pay diminished value by applying the 17(c) formula." It is true that even a finding that damages need to be established on an individual basis does not alone preclude class action treatment. *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003). And we

Case 4:19-cv-00014-CDL   Document 42   Filed 08/18/22   Page 11 of 12
USCA11 Case: 21-14197   Date Filed: 08/18/2022   Page: 11 of 12

21-14197               Opinion of the Court                11

have noted with approval another court's observation that "predominance is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' individual position[.]" *Id.* at 1260–61 (quoting *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 262 (D.D.C. 2002)). But here, the answer to the central liability question—whether State Farm breached its contractual duty to accurately assess diminished value claims by applying the 17(c) formula—requires a finding that *each* putative class member received a lower reimbursement for his diminished value claim than the contract entitled him to. These are individualized inquiries. Thus, generalized evidence here does not "obviate [] the need to examine each class member[']s[] individual position." *Id.* After all, State Farm's use and application of the 17(c) formula only potentially sustains Appellants' breach of contract action if it results in an underassessment—and thus, an underpayment—of damages to insured policyholders for their vehicles.

To be sure, Dr. Hixenbaugh identified some fundamental flaws with the 17(c) formula. However, the district court agreed with State Farm that Dr. Hixenbaugh's sample was too small and not representative of the class; therefore, Appellants failed to demonstrate that State Farm's use of the 17(c) formula always resulted in the underassessment of diminished value claims. Having extensively reviewed the evidence before it, the district court then determined that Appellants failed to demonstrate that the alleged flaws in the formula resulted in State Farm breaching the contract

| 12 | Opinion of the Court | 21-14197 |

as to all putative class members. Under this standard of review, we merely ask whether the district court's determination rested "within the parameters of Rule 23's requirements for certification of a class." *Fitzpatrick*, 635 F.3d at 1283. Having reviewed the detailed order on class certification by the district court, we find that it did.

**AFFIRMED.**